JOHN HOGAN, for the use, etc.

*v.*

WILLIAM H. SHUTLER *et al.*

FORTHCOMING BOND—*under act of* 1857 *concerning attachment of boats and vessels.* In an action upon a forthcoming bond given upon the seizure of a steamboat, under act of 1857 on that subject, it is not necessary, in a plea setting up that, after judgment in the attachment proceeding, the officer took the boat and sold it under a special execution issued thereon, to aver that the boat was subject to levy and sale. The obligors in the bond had nothing to do with that question, they having only contracted that the boat should be forthcoming to answer the judgment.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Jr. Judge, presiding.

This was an action of debt, brought by John Hogan, the city marshal of the city of Cairo, for the use of Samuel Wilson, against William H. Shutler and Robert Wood, upon a bond given, September 20, 1866, by the defendants, upon the release of the steamboat Cumberland seized by writ issued on the same day out of the court of common pleas of the city of Cairo, under the warrant act of February 16, 1857. The condition of the bond, after reciting issuance, etc. of writ, proceeds as follows: " Now, therefore, if said steamboat, or double the said sum for which said warrant was issued as aforesaid, shall

be forthcoming to answer the judgment of said court under such seizure, then this obligation to be void, otherwise to remain in full force and virtue." The declaration recites the making of the bond, the condition thereof, etc. the entry of a judgment in favor of Wilson at the January term, 1867, of the court of common pleas, for $487.69, (and costs of suit,) " for divers and sundry supplies furnished to said steamboat at her home port in the city of Cairo, and State of Illinois, at the special instance and request of the master and agents of said boat." And then follows the breach, that neither the said steamboat nor double the sum of money for which said writ was sued out, was forthcoming to answer the judgment, etc.

Among other pleas, the defendant, Shutler, filed the following:

" And for a further plea in this behalf, the defendant says, *actio non,* because, he says, that after the rendition of the said judgment in the said court of common pleas of the city of Cairo, for the said sum of $487.69, and costs taxed at the said sum of $15.80, at the January term, 1867, of said court, as in said declaration alleged, to-wit:   On the twenty-fifth day of January, 1867, a special execution was duly issued out of said court of common pleas of the city of Cairo, directed to the city marshal of the said city of Cairo, commanding him, as such city marshal, to levy upon and sell said steamboat Cumberland, to satisfy said judgment and costs ; and that the said city marshal did afterwards, to-wit, on the fourth day of February, 1867, by virtue of said execution, and at the request of the said defendant, seize and take possession of said steamboat Cumberland, the said steamboat Cumberland then and there lying and being in the port of Cairo aforesaid, and within jurisdiction and bailiwick of the said city marshal, without this that the said steamboat Cumberland was not forthcoming to answer said judgment as in said declaration alleged, and this the said defendant is ready to verify, wherefore he prays judgment, etc."

To which the plaintiff demurred, and the demurrer being overruled, plaintiff elected to stand by the same.   Whereupon final judgment was rendered for the defendant, to reverse which, the plaintiff brings the record to this court.

Messrs. O'MELVENY & LANSDEN, for the plaintiff in error.

Messrs. MULKEY & ALLEN, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the court overruled a demurrer to the fifth plea, and the plaintiff abiding by his demurrer, final judgment was rendered for the defendant.   The plea is clearly good.   The condition of the delivery bond was that, if the steamboat, or double the sum for which it had been seized, should be forthcoming to answer the judgment of the court, then the obligation should be void.   The plea in question sets forth that, after the rendition of the judgment, as alleged in the declaration, a special execution was issued against the boat, under which the officer seized and sold it, the plea further containing a special traverse of the averment in the declaration that the boat was not forthcoming according to the condition of the bond.   The only objection taken to this plea in the brief of plaintiff in error is, that it contains no averment that the boat was subject to levy and sale.   None was necessary.   The defendants had nothing to do with that question.   They had simply contracted that the boat should be forthcoming to answer the judgment, and the plea shows it was forthcoming, and was sold under the judgment.

It is unnecessary to consider the questions raised on the other pleas.

*Judgment affirmed.*